FILED

2022 Aug-17  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **BEVERLY JOY ROGERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.: 3:22-cv-705-CLS** |
| | ) | |
| **VOLKSWAGEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This action is before the court on the motion of defendant, Volkswagen Group of America, Inc. (identified in the complaint as "Volkswagen"), to dismiss the *pro se* complaint of plaintiff, Beverly Joy Rogers.  Doc. no. 3.

Defendant timely removed this action from the Circuit Court of Lauderdale County, Alabama, pursuant to 28 U.S.C. § 1332.[1]  Defendant then filed the present motion to dismiss.  Defendant construes plaintiff's complaint as asserting a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") for

---

[1] That statute provides for federal district court jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a) (ellipsis supplied).

Plaintiff demands damages of $2,000,000, and she is a citizen of Mississippi.  Exhibit 1 (Complaint) to doc. no. 1 (Notice of Removal).  A corporation is deemed to be a citizen of every State by which it has been incorporated, and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  Defendant is incorporated in New Jersey, and its principal place of business is located in Virginia.  Doc. no. 1 (Notice of Removal) ¶ 7.  Accordingly, the requirements of the statute are met.

injuries she sustained in an automobile accident in which the vehicle's air bags allegedly did not deploy.[2]  Defendant contends that plaintiff's allegations fail to state a claim for relief under the AEMLD.[3]

The court ordered plaintiff to respond to the motion within fourteen days — *i.e.,* no later than June 21, 2022 — but she failed to do so.[4]  Defendant filed a "reply," noting this deficiency.[5]

Plaintiff then was ordered to show cause, no later than July 22, 2022, why this action should not be dismissed for failure to prosecute.[6]

Plaintiff filed a timely response, but did not explain her failure to respond to defendant's motion to dismiss, or otherwise address defendant's arguments.[7] Instead, she reiterated her claim that she sustained injuries because the air bag in her 2016

---

[2] *See* Exhibit 1 to doc. no. 1 (Notice of Removal).  The AEMLD requires a plaintiff to show:

[1] that an injury was caused by one who sold a product in a defective condition that made the product unreasonably dangerous to the ultimate user or consumer; [2] that the seller was engaged in the business of selling such a product; and [3] that the product was expected to, and did, reach the user without substantial change in the condition in which it was sold.

*Bell v. T.R. Miller Mill Co.*, 768 So. 2d 953, 957 (Ala. 2000).

[3] Doc. no. 3.

[4] Doc. no. 4.

[5] Doc. no. 7.

[6] Doc. no. 11.

[7] Doc. no.  12.

Volkswagen Touareg did not deploy during a motor vehicle accident.  Additionally, she provided information obtained on the internet relating to manufacturer recalls of various models of Volkswagen vehicles, but not including the 2016 Volkswagen Touareg at issue.  She also  provided photographs purporting to show her vehicle following the accident, and crash test photographs of a 2011 Volkwagen Touareg. She amended the amount of damages sought to $10,000,000.

Defendant replied to plaintiff's response to the order to show cause, noting that plaintiff merely reasserted her claim that she was injured.[8]  Defendant further argues that the materials appended to plaintiff's response do not meet her burden to show that defendant sold the vehicle in a defective and unreasonably dangerous condition, and are not relevant to her claim, as the materials relate to alleged defects in other models manufactured during the period of 2006 to 2014.  In sum, defendant contends that plaintiff has failed to state a claim upon which relief may be granted because the complaint does not allege that defendant sold the vehicle in a defective and unreasonably dangerous condition, or that the vehicle reached plaintiff without substantial changes to its condition, as required by the AEMLD.

The court concludes that plaintiff abandoned her claims by failing to respond to defendant's motion to dismiss.  Moreover, defendant's argument that plaintiff has

---

[8] Doc. no. 13 (Reply in support of Motion to Dismiss), at 2.

3

failed to allege a claim under the AEMLD is persuasive.   For these reasons, an order

will be entered dismissing plaintiff's claims.

      **DONE** this 17th day of August, 2022.

_____
Senior United States District Judge